■ In the Matter of the Claim of GLENROY DANIELS, Respondent, v. JOSEPH FAZIO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appellants appeal from an award of compensation subsequent to June 27, 1955. There is no dispute as to the facts. Claimant, while working as superintendent of the employer's apartment house, sustained an injury which was diagnosed as a herniated intervertebral disc and which required an operation. He was also employed as a bus driver to which work he returned following his recovery. The doctors for the claimant and for the carrier both testified that he was suffering from a mild partial disability as a result of the back condition and that he should not do heavy work. He testified as part of his janitorial duties it was necessary to mop the halls in the building, mow the grass, clean the sheds, keep the cans in order, on occasions to move stoves and refrigerators and that once a week 25 to 30 cans of ashes and debris were removed from the apartment and were afterward left outside the building stacked and that the claimant would return these to the basement, usually five or six contained in each stack. His doctor testified that he should not lift anything over 50 pounds and that he had advised him not to return to the janitorial work or he might have a recurrence of his back trouble. The doctor for the carrier testified that claimant had a mild disability and that he agreed generally with his doctor although he thought he could return to his janitorial duties providing he did no heavy work. The contention of the appellants appears to be that even though it is admitted claimant has a mild partial disability and that his own physician advised him not to return to the janitorial duties, he is not entitled to an award unless he first attempts to do the work and it is shown he is unable to perform such tasks. Such is not the rule. The board has made a factual finding, amply supported by testimony, that claimant has suffered a disability and is entitled to an award therefor. We are unable to say that as a matter of law such is not the fact. There was substantial testimony to sustain the finding of the board. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.